**In re FIRST INDEPENDENT TRUST COMPANY, a California Corporation, Debtor.**

**Bankruptcy No. 289–03511–C–11.**

United States Bankruptcy Court, E.D. California.

May 24, 1989.

Wilbur H. Haines, III, Law Offices of Jon D. Smock, Sacramento, Cal., for debtor.

Frederick D. Holden, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., for Harold D. Doyle, Acting Superintendent of Banks, as such and as liquidator of First Independent Trust Co.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The question is whether First Independent Trust Company is eligible to be a debtor under the Federal Bankruptcy Code. I conclude that it is ineligible by virtue of 11 U.S.C. § 109(b)(2).

### FINDINGS OF FACT

1. First Independent Trust Company is a corporation organized under the laws of the State of California and engages in the trust business.

2. It receives funds in trust pursuant to specific trust agreements with its various trustors and administers those trust accounts in accordance with ordinary trust principles.

3. The various trust accounts fall into three separate categories.

4. The first category is the so-called purely "conventional trust account" in

---

which the corpus is invested in the type of assets that traditionally are the subject of trusts. There are 418 such trust accounts, whose holdings total approximately $20,575,000.

5. The second category is the so-called purely "trust rate account." Funds in trust rate accounts are used for purposes of making loans to students. Such an account is created when the customer delivers funds and executes a "declaration of trust" naming the customer as beneficiary directing First Independent Trust Company to invest the corpus of the trust in student loans.

6. First Independent Trust Company uses the funds in the trust rate accounts to make loans to students, which loans are supposed to be eligible for the loan guarantees of various governmental entities. After a period of time, usually several weeks, the loans are sold into the secondary market. The proceeds of the sale are used (1) to reimburse the individual trust rate account for the amount that was loaned, (2) to make the promised interest payment, based on the 90–day treasury bill rate plus 1 percent, and (3) to pay the surplus to First Independent Trust Company as its compensation.

7. There are 507 purely trust rate accounts, whose holdings total approximately $17,882,000.

8. The third category of account is the so-called "mixed account," in which some or all of the corpus of conventional trust accounts with conventional trust customers is invested in trust rate accounts, i.e. student loans. There are 530 such mixed accounts, whose holdings total approximately $23,444,000, in which a portion of the corpus is invested in trust rate accounts. In addition, there are 440 mixed accounts, whose holdings total approximately $4,912,000, in which all of the corpus is invested in trust rate accounts. First Independent Trust Company regards the contents of these trust rate accounts as "special deposits" or "trust deposits."

9. First Independent Trust Company has referred to itself as "the in trust bank." Such references have been made to the public.

10. The State Superintendent of Banks, purporting to exercise his powers under chapter 17, California Financial Code, seized First Independent Trust Company on May 19, 1989, changed the locks, and installed physical security, preventing the further operation of First Independent Trust Company. The Superintendent of Banks has scheduled a hearing for 2:30 p.m., May 23, 1989, in California Superior Court seeking approval of the sale of the purely conventional trust accounts to another financial institution.

11. First Independent Trust Company filed a chapter 11 petition at 4:00 p.m. on May 22, 1989. A hearing was held the morning of May 23, 1989, on the Superintendent of Banks' motion for relief from automatic stay to permit it to proceed with the sale of the conventional trust accounts that it proposed to make under the supervision of the California Superior Court.

12. Division 1 of the California Financial Code (sections 100–3904) applies to all corporations engaging in commercial banking or the trust business. Cal.Fin.Code § 100(a).

13. The word "bank" as used in division 1 of the California Financial Code means "any incorporated banking institution which shall have been incorporated to engage in commercial banking business or trust business." Cal.Fin.Code § 102.

14. "Banks" are divided into two classes: commercial banks and trust companies. Cal.Fin.Code § 103.

15. The California Superintendent of Banks is responsible for liquidation of banks pursuant to chapter 17 of division 1, California Financial Code §§ 3100–3240. The Superintendent of Banks' power to take possession of a bank is governed by California Financial Code § 3100. The term "bank" whenever used in chapter 17 of division 1, California Financial Code, includes trust companies. Cal.Fin.Code § 3100(h).

**208**

## DISCUSSION

■ Federal courts are courts of limited jurisdiction and are obliged to be faithful to the statutes governing their jurisdiction. It is appropriate for the court, *sua sponte*, to consider the question of subject matter jurisdiction at the outset where there is an articulable question about jurisdiction. This case poses such a question.

The Congress provided in the Federal Bankruptcy Code that certain institutions are not eligible for relief under the bankruptcy laws. The limitation pertinent here is the list of ineligible entities set forth at 11 U.S.C. § 109(b)(2):

> a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, credit union, or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813(h)).

If First Independent Trust Company is not eligible to be a debtor under the Federal Bankruptcy Code, then this court lacks jurisdiction, and the case should be dismissed without reaching the question of whether to grant relief from the automatic stay as requested by the Superintendent of Banks.

In deciding questions of eligibility under 11 U.S.C. § 109(b)(2), there are two recognized tests: the state classification test and the independent classification test. *In re Cash Currency Exch., Inc.*, 762 F.2d 542, 548 (7th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); 2 L. King, Collier on Bankruptcy § 109.02 (15th ed.) 1988.

It does not appear that the Ninth Circuit has specified the test that governs in this circuit. Accordingly, I will address both tests.

■ The state classification test focuses upon the status of the entity under the law of the state of incorporation, here, California. If California law classifies First Independent Trust Company as an entity that is specifically excluded from being a debtor by virtue of 11 U.S.C. § 109(b)(2), the in-

quiry is over. If California law does not so classify the entity, then the court must determine whether the entity is the substantial equivalent of any of those institutions that are listed at section 109(b)(2).

The inquiry into California law begins, and in this case ends, with the California Financial Code. It is agreed that the debtor is in the trust business. Being in the trust business, the debtor is subject to division 1 of the California Financial Code relating to banks. The term "bank" as used in that division includes banking institutions that are engaged in the trust business. Cal.Fin.Code § 102. Trust companies are one class of bank. Cal.Fin.Code § 103. The banks that the Superintendent of Banks has the power to take possession of and liquidate includes trust companies. Cal.Fin.Code § 3100.

It is inescapable that California classifies First Independent Trust Company as a "bank," and that in view of the express inclusion of bank in section 109(b)(2), under the state classification test, First Independent Trust Company is ineligible to be a debtor under the Federal Bankruptcy Code.

Under the independent classification test, the court construes section 109(b)(2) itself. Thus, I consider whether First Independent Trust Company is a bank in the generic sense. A common denominator of the financial institutions that are listed at section 109(b)(2) includes the ability to accept deposits. *See In re Cash Currency Exch., Inc.*, 762 F.2d at 552.

It has long been recognized that a bank, for purposes of exclusion from federal bankruptcy statutes, is,

> a business which [is] based primarily on the receipt of deposits (general or special), which deposits [are] used by the bank for loans, discounts, buying and selling commercial paper, and other business purposes.... The prime incentive in engaging in the business [is] the profit to be made, directly or indirectly, from the use of deposits.

*Gamble v. Daniel*, 39 F.2d 447, 450 (8th Cir.), *cert. denied*, 282 U.S. 848, 51 S.Ct. 27, 75 L.Ed. 752 (1930) (prior law). The authority to receive savings deposits, but not

demand deposits, was sufficient to make an institution a banking corporation that was ineligible for relief under the former Bankruptcy Act. *First American Bank & Trust Co. v. George,* 540 F.2d 343 (8th Cir.), *cert. denied,* 429 U.S. 1011, 97 S.Ct. 634, 50 L.Ed.2d 620 (1976).

First Independent Trust Company concedes that it receives deposits but insists that they are merely "special deposits" rather than "general deposits." In analyzing the deposits that it accepts, I focus particularly on the so-called "trust rate accounts." In those accounts, special deposits are received from the various trustors who authorize First Independent Trust Company to invest in student loans. First Independent Trust Company promises that the depositors will receive the 91–day treasury bill rate plus 1 percent. Any surplus that First Independent Trust Company is able to generate is purely for the profit of First Independent Trust Company.

First Independent Trust Company has held itself out to its customers as "the in trust bank." Customers anticipate that their funds are safe and comparatively liquid. They do not regard themselves as making investments that entail substantial risk. Thus, the deposits make First Independent Trust Company look like a bank.

The fact that the trust rate accounts include a trust-type instrument (which is conceded not to create a conventional trust under California law) does not change the conclusion that the funds in trust rate accounts constitute deposits for purposes of determining the status of First Independent Trust Company under section 109(b)(2).

Further light on conventional understanding of the term deposit also is shed by a key federal statutory definition. For the purposes of the Federal Deposit Insurance Corporation, the term "deposit" means trust funds (i.e. funds held in a fiduciary capacity) received or held by a bank, whether held in the trust department or held or deposited in any other department of such bank. 12 U.S.C. § 1813(*l*)(2). This supports the conclusion that the trust rate accounts are deposit, and that First Independent Trust Company has essential attributes of a bank.

Thus, I conclude, under the independent classification test, First Independent Trust Company is a bank.

Considerations of the public interest also affect the analysis. The State of California has a comprehensive scheme for rapid control and transfer of deposit accounts and liquidation of banks and trust companies. Federal nonbankruptcy laws similarly provide comprehensive schemes for institutions that are covered by those statutes. The Federal Bankruptcy Code prescribes different procedures and times that are founded upon policies that are not fully consistent with the policies underlying the various state and federal bank liquidation statutes. *First American Bank & Trust,* 540 F.2d at 348 n. 4; *Woolsey v. Security Trust Co.,* 74 F.2d 334, 337 (5th Cir.1934).

The trustors, trust beneficiaries, and depositors dealing with First Independent Trust Company rely upon the existence and the integrity of those bank liquidation schemes. They act on the assumption that they will receive prompt administration of the assets in the trusts and trust rate accounts and will receive prompt access in accordance with the terms of the trusts and the trust rate accounts without the worry of having to deal with the various requirements of the Federal Bankruptcy Code.

## CONCLUSIONS OF LAW

First Independent Trust Company is a bank for purposes of California law and, applying the state classification test, is ineligible to be a debtor under the Federal Bankruptcy Code.

First Independent Trust Company is a bank for purposes of the independent classification test and is ineligible to be a debtor under the Federal Bankruptcy Code.

Since First Independent Trust Company is ineligible to be a debtor, this court lacks jurisdiction over First Independent Trust Company, and the bankruptcy case will be dismissed.